# Crum *v.* Westcott, *et al.*

*Bill to Construe Will and to Remove Estate.*

(Decided January 30, 1912.　57 South. 490.)

1. *Wills; Codicils; Construction.*—In order. to ascertain a testator's intention in making disposition of his property, his will and codicil should be construed together.

2. *Same.*—The will and codicil examined and held that being taken and construed together require the distribution of the testator's property according to the statutes, except that the grandson therein mentioned receives $5,000.00 to be held as directed by the codicil.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Bill by Samuel H. Westcott and others to remove an administration of an estate into the chancery court and to construe a will. From a decree construing the will, B. P. Crum, the guardian of the minor, appeals. Affirmed.

The will is as follows:

"Item One.　After just debts are paid, my estate shall be divided as directed by the statutes of Alabama in case of intestacy subject to the provisions of items two hereof.

"Item Two.　If my grandson, Charles G. Abercrombie, Jr., shall survive me, he shall take a child's part, to be delivered and paid to my sons, S. H. and W. B. Westcott, as trustees for him during minority.　The said trustees shall have power to use and dispose of the trust estate or any part thereof as may seem proper to them in the support and maintenance of my grandson.　If either of my said sons shall die or refuse to accept this trust, the other or survivor shall receive the trust estate and execute the trust herein provided for.　If

[Crum v. Westcott, et al.]

my said grandson shall die before reaching the age of twenty-one years, and without children, his part shall revert to my estate."

The other parts of the will have reference to the appointment of executors, etc., and it was executed June 9, 1902.

The codicil thereto was signed May 21, 1908, and so far as here applicable is as follows:

"Item One. I hereby revoke item two in said will above referred to, and, in lieu thereof, I hereby give to my said grandson, Charles G. Abercrombie, Jr., the sum of $5,000.00 in cash, to be paid out of any money belonging to my estate by my executors named in said will, to be loaned out at interest, or invested in real estate for the use of my said grandson until he shall become of legal age."

Then follows a direction as to the management of this money by the trustees and its delivery to the beneficiary on his arriving at the age of 21 years.

B. P. CRUM, pro se, and STEINER, CRUM & WEIL, for appellant. Counsel insist that under proper construction of items I and 2 of the will, the grandson was entitled to take child's part, and that under this construction both items have a field for operation even when considered in connection with item 2 of the codicil.—*Macon v. Smith,* 49 Ala. 71; *Primball v. Patton,* 70 Ala. 626; 52 N. Y. 450; 6 A. & E. Enc. of Law, p. 191; 1 Jarmon on Wills, 174.

RAY RUSHTON, and WILLIAM M. WILLIAMS, for appellee. The jurisdiction of the chancery courts in the administration of estates is original.—*Hurt v. Hurt,* 157 Ala. 156. Jurisdiction is not destroyed because the administration is begun in the probate court, as it

[Crum v. Westcott, et al.]

may be removed.—*Hooper v. Smith,* 57 Ala. 557; *Pearson v. Darrington,* 21 Ala. 169; *Horton v. Mosely,* 17 Ala. 794. Courts of chancery will aid an executor at his request by construing the will and advising the administration of the trust.—*Hurt v. Hurt, supra,* and cases cited; 56 N. Y. 401; 26 N. J. E. 149; 8 Pa. St. 286; see also *Cowles v. Pollard,* 51 Ala. 445; *Carrol v. Richardson,* 87 Ala. 605. The court did not err in its construction of the will and the codicil, as it plainly appears that the testator changed his intention and gave the child $5,000.00 in lieu of his distributive share.

SIMPSON, J.—The bill in this case was filed by the appellees, praying for the removal of the estate of William D. Westcott from the probate into the Montgomery city court, in equity, and for the construction of the will of said William D. Westcott. The estate was removed into said city court, and the only question for determination, on this appeal, is the construction of said will and codicil (which will be copied by the reporter in the statement of this case).

Without resorting to the testimony of witnesses, which was received in the lower court, it is proper to examine both the original will and the codicil, so as to arrive at the intention of the testator.

Item 2 of the original will provides that the grandson of the testator should "take a child's part," which was to be managed by the trustees named for him. The codicil revokes said item 2, and states distinctly that *"in lieu thereof"* said grandson should receive $5,000 in cash, which was to be held, managed, etc., for him, during minority, by the same trustees. In other words, the $5,000 was to be in lieu of the child's part which had been provided by item 2 of the original will. To hold otherwise would be to hold that *"in lieu of"* means *in addition to.*

[Barry, et al. v. Stephens, et al.]

It is true that, if item 2 had been merely revoked, said grandson would be entitled to a child's part under the provisions of item 1; but the will and codicil must be construed together, in order to ascertain the intention of the testator, and when item 1 provides that his estate shall be distributed according to the statutes, subject to the provisions of item 2, the codicil takes the place of item 2, and the meaning is clear that the property is to be distributed according to the statutes of Alabama, except that said grandson, Charles G. Abercrombie, in place of receiving a "child's part," shall receive only the $5,000, and the property, after the payment of that amount and the debts, shall be distributed among the other heirs, share and share alike, to wit, Samuel H. Westcott, William B. Westcott, and Annie M. Cobbs.

The decree of the court is affirmed.

Affirmed. All the Justices concur, save SAYRE, J., not sitting.